$$\frac{133}{140} \quad \frac{587}{651}$$

# City Council of Montgomery v. Foster.

*Proceeding by City Council to collect Paving Tax.*

1. *Municipal corporation; construction of charter as to power of paving.*—The section of a city charter which provides "that it shall be lawful for said city council from time to time and in such manner as it may determine, to pave, gravel, or macadamize any street, avenue, square, public place or alley in whole or in part within the corporate limits of said city, whenever said city council may deem it necessary or expedent to do so; and for that purpose said city council is hereby authorized and empowered to adopt and provide the means therefor," is sufficiently comprehensive to include and authorize side-walk paving; the term "street" in such connection applying to the whole thoroughfare, including the sidewalk.

2. *Same; assessment for street paving must be in proportion to benefit to abutting property.*—No municipal corporation can, under the constitution, make any assessment for the costs of sidewalk or street paving, or for the costs of the construction of any sewers or the placing of curbing on a sidewalk, against the property abutting on such street or sidewalk so paved or drained, in excess of the increased value of such property, by reason of the special benefits derived from such improvements; and an assessment of the costs of paving levied against the adjacent property without reference to the extent of the benefit to the property, is invalid, will be vacated; and the costs of paving so assessed can not be collected. (MC-CLELLAN, C. J., dissenting.)

3. *Taxation; assessment necessary to collect taxes.*—An assessment is the first step and an indispensable incident in proceedings to collect taxes; and being the foundation of all subsequent proceedings, no taxes can be collected without a valid assessment.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

This was a proceeding instituted by the City Council of Montgomery against the appellee, T. Gardner Foster and certain lots situated on the east side of Perry street in the city of Montgomery, seeking to charge said lots with a lien in favor of the city of Montgomery for the costs of paving the street in front of said lot and the paving of the sidewalk and the curbing of the sidewalk. The pavement, the payment of which is sought to be enforced, was done by the city council of Montgomery and the part of the assessment for said pavement was assessed against the lot, and upon default being made in the payment by T. Gardner Foster, trustee, the assessment was filed in the city court of Montgomery on the equity side of the docket in accordance with the special act of the legaslature controlling such matters. (Acts of 1886-87, p. 776). The assessment as shown in the list of property filed in the city court of Montgomery, so far as the present proceeding is concerned, is as follows: "Assessment for sidewalk and street paving, $300.74."

The defendant filed an answer, in which he set up the defense that the ordinance under which the paving tax was imposed, and is now sought to be collected, was unconstitutional and void, as being violative of the Constitution of the State of Alabama, and also the XIV amendment of the Constitution of the United States.

There was attached to this answer copies of the ordinance under which the paving tax was levied. The ordinance for the paving of South Perry street was in words and figures as follows: "An ordinance to gravel South Perry street from the north side of Washington street to the north side of what is known as Jeff Davis avenue in the city of Montgomery. Section 1. Be it ordained by the city council of Montgomery as follows: That South Perry street from the north side of Washington street to the north side of what is known as Jeff Davis avenue shall be graveled with ten inches of gravel. Said work is to be done under the control and direction of mayor and city engineer, and in such manner as to make a good and substantial pavement. Sec-

tion 2. Be it further ordained: That upon the paving and improving of said street, as herein provided, it shall be the duty of the city engineer to prepare and file with the city clerk a statement showing the number of feet frontage of each lot on each side of said street, together with the name of the owner or owners of each of said lots, and where any of said lots front on more than one street, showing the number of feet frontage on each street, which statement shall be so prepared and filed within thirty days after the completion of the work on said street. Section 3. Be it further ordained that the city engineer shall also make a statement of the total cost of the paving or improving of said streets, and shall apportion against the owners of said lots fronting on said streets to be apportioned against said lots in proportion to the number of feet frontage of each lot on such street; provided, that not more than one-fourth of the cost of such improvement in favor of the property taxed, nor more than ten dollars per front foot shall be apportioned to any one lot; and that corner property to which an apportionment has been made on any one front, shall be apportioned for the improvement of the street on the other front, not exceeding one-eighth of the cost of the improvement of the other front, and not exceeding two dollars and fifty cents per front foot. Section 4. Be it further ordained, that it shall be the duty of the clerk on receiving such statement from the city engineer, to assess against the owner or owners of said several lots the cost so apportioned by the city engineer, in the statement of such improvement in front of said several lots, and collect such assessments at the same time and in the same manner as city taxes are collected. Section 5. Be it further ordained, that the assessments required to be made by the clerk as aforesaid shall be entered by him on the city tax assessment books against the owner or owners of said several lots, and against said lots as assessments for taxes are entered in such books, and the same shall be a lien on said lots in favor of the city for the amount of such assessments, and such assessments when so entered on said books, shall, together with the said statement of the city engineer, be delivered by the clerk to the mayor of the city, pursuant

to the law regulating the assessment of taxes against property in the city of Montgomery, to the end that such property owners may have an opportunity to file objections to such assessments and be heard thereon should they so desire. The said assessments hereby authorized to be made, being subject in all respects to the charter and code of the city of Montgomery in reference to assessments on property for taxation. Section 6. Be it further ordained: That the city treasurer be and he is hereby instructed to advertise for bids for paving South Perry street, in accordance with the provisions of this ordinance. Section 7. Be it further ordained, that this ordinance shall not repeal any section of the city code, nor any special ordinances heretofore adopted and approved for the purpose of paving or otherwise improving any street, alley or other public place in the city of Montgomery, but where this ordinance requires other things to be done, not required by said special ordinances such special ordinances shall be amended in that respect."

The ordinance relating to the sidewalk paving, after providing for the territory within the city of Montgomery where the sidewalks were to be paved and that the grade was to be established by the city engineer, then provided as follows as to the payment of said sidewalk paving: "That it shall be the duty of the city engineer to serve written notice upon the owner, agent, or occupant of the premises required to be paved herein, to pave said sidewalk, and in case said owner, agent, or occupant refuses or fails to do so for ten days after service of said notice, said pavement shall be laid by and under the supervision of the city engineer, and the cost thereof shall be certified by the city engineer to the city clerk, who shall tax said costs against said property, which shall be a lien upon said property and collected the same as other city taxes are collected."

The ordinance providing for the placing of curbing on the streets contained the following proposition as to the payment of costs thereof: "Should the owner or owners of such lots or any of them fail for ten days from the time of service of said notice to set said curbing, the

mayor is hereby authorized to direct and have said curbing set at the expense of the owner or owners or holders of said lots, or any of them, the cost of which shall be assessed against the said owner or owners or holders of the said adjacent lot or lots, and assessed and collected in the same manner as taxes are now assessed and collected by the city council." The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the hearing of the cause the court held that inasmuch as the assessment was an arbitrary one per front foot, and not based upon any special benefit accruing to the property from said paving, that said assessment was null and void and was violative of the constitution and should be vacated, and ordered that said assessment against the defendant's property be set aside and annulled and vacated, and the proceedings dismissed. From this decree the city council of Montgomery appealed, and assigned the rendition thereof as error.

GRAHAM & STEINER, for appellant.—The assessment in this case should not have been declared void and been vacated.

If an irregularity, the charter provides that the lien of the city shall not be affected for that reason; and the proceeding instituted in this case was on the equity side of the city court, in order and for the purpose of enforcing the lien of the city, and in defense of that suit the appellee could set up anything tending to reduce the amount of the assessment, or to show that it, or any portion thereof, was erroneous. This the appellee did not attempt to do, as will be shown by his answer on file.

The court, in the case of the *City Council v. Birdsong,* construed the act of 1876-77, page 776, under which these suits were instituted in the city court, in which act is found the expression, "Unless for good cause shown," holding that, in defence of these suits, the property owner was not estopped to show that the amount claimed was erroneous for any reason. This being true, the statute gave the defendant the opportunity to show cause why any portion of the assessment was invalid.

[City Council of Montgomery v. Foster.]

The court below did not consider the right of the city to recover for anything whatsoever, on any other question than the Fourteenth Amendment to the Constitution of the United States, holding that the assessment was absolutely null and void, because it was an attempt to take property without due process of law.

Defendant's contention—and practically the sole contention—is based upon the theory, that inasmuch as the ordinance providing for the paving assesses the cost against the property per front foot and says nothing of benefit, that therefore it is arbitrary and is an assessment made without regard to benefit; hence void. It is unnecessary for the taxing power, even though it should be limited to assessments based upon benefit, when they make an assessment to add: "P. S. The above assessment is based upon special benefits that the property receives."

See *Brown v. Barbour Asphalt Paving Co.*, recently decided by the Supreme Court of the United States; *King v. Portland,* 62 Pac. Rep. 2; *Cass Farm Co. v. Detroit,* 83 N. W. Rep. 108; *Sheley v. City of Detroit,* 45 Mich. 431; *Parsons v. District of Columbia,* 170 U. S. 45; *Spencer v. Merchant,* 122 U. S. 345; *Webster v. City of Fargo,* 82 N. W. Rep. 732; *State v. District Court,* 83 N. W. 183; 7 L. R. A. 121; *Heman v. Allen* (Mo. Sup.) 57 S. W. 559; and *Paving Co. v. French* (Mo. Sup.), 58 S. W. 934; *Conde v. City of Schnectady,* 58 N. E. 130; *Hadley v. Dague,* 62 Pac. 500.

GORDON MACDONALD, LOMAX, CRUM & WEIL, MARKS & SAYRE, W. T. SEIBELS, and JOHN D. MCNEEL, *contra.*—If the assessment is wrong in principle, or based upon an erroneous application of the law, it can not be upheld; and an unauthorized rule of valuation, or fraud in the assessment invalidates the tax and all proceedings thereunder.—25 Amer. & Eng. Ency. of Law, 237, 238.

The assessment in this case was no tin proportion to the benefit accruing to the abutting property from the improvements, and such assessment was, therefore, not according to the constitution; and the costs of paving can not, therefore, be collected. The assessment being void

as a whole, it would not support a charge for what might be illegally due.—*Norwood v. Baker,* 172 U. S. 269; *Hutchison v. Storrie,* 52 S. W. Rep.; *Parsons v. District of Columbia,* 170 U. S. 45; *Trenton v. Raff,* 36 N. J. L. 343.

By the XIV amendment to the Constitution of the United States, the states are forbidden to deny to any person within their jurisdiction the equal protection of the laws. This provision is a limitation on the taxing power of the State and every State agency, and it requires uniformity in the enactment and in the administration of State tax laws.—*The Railroad Tax Cases,* 13 Fed. Rep. 722; *Nashville, etc. R. Co. v. Taylor,* 86 Fed. Rep. 169. The guarantee of "due process of law," in the XIV amendment, forbids the taking of private property for public use, by eminent domain, or by taxation, without just compensation.—*C. B. & Q. R. R. v. Chicago,* 166 U. S. 239; *Staton v. R. R. Co.,* 111 N. C. 282; *Porham v. Justices,* 3 Cal. 841; *Harness v. Chesapeake Canal Co.,* 1 Md. Ch. 248. In *Cole v. LaGrange,* 113 U. S. 8, the court says: "So far as respects the use the taking of private property for taxation is subject to the same limit as taking by the right of eminent domain. Each is a taking by the State for public use." See also *Fallbrook, etc., District v. Bradley,* 164 U. S. 160; *Bradshaw v. Omaha,* 1 Neb. 38; *City v. Larned,* 34 Ill. 203; *Millett v. People,* 117 Ill. 295; *Davis v. Crutchfield,* 145 Ill. 313; *Seers v. Street Commissions,* 173 Mass. 352, and the numerous authorities cited in *Norwood v. Baker, supra.*

Benefit to the property abutting upon the streets improved is the only lawful basis for the assessment to be levied.—*Guest v. Brooklyn,* 69 N. Y. 506; *Hammett v. Philadelphia,* 65 Pa. 146; *Lee v. Ruggles,* 62 Ill. 427; *Tide Water Co. v. Coster,* 18 N. J. Eq. 518; *Re Drainage of Lands,* 35 N. J. L. 497; *Thomas v. Gain,* 35 Mich. 135; *Hutcheson v. Storie,* 92 Texas, 688; *Norfolk v. Young,* 97 Va. 728; *Allegheny. City v. W. P. R. R. Co.,* 138 Pa. 375. Any such assessment which preclude, or which may authorize the preclusion of an ascertainment of benefits as a necessary basis, are violative of constitutional provisions forbidding private property to be taken for public use

38c

without *just compensation* first made, and those which require "due process of law."—*Sears v. Boston Street Commissioners,* 173 Mass. 247; *Dexter v. Boston,* 176 Mass. 247; *Adams v. Shelbyville,* 154 Ind. 467; *McKee v. Pendleton,* 154 Ind. 652; *Stewart v. Palmer,* 74 N. Y. 183; *St. Louis, for use, etc. v. Clemens,* 52 Mo. 133.

SHARPE, J.—Authority in the city council of Montgomery to make a special assessment against property to defray expenses of sidewalk and street paving is found alone in sections 12 and 34 of the act "To establish a new charter for the city of Montgomery," approved February 10, 1893.—Acts, 1892-93, p. 428. In the first part of section 12 is a provision relative to keeping sidewalks clean and in repair at the expense of property owners and for subjecting property to such expense, but that clause of the statute is not to be here considered since no item for such cleaning or repairing is involved in this case. The next clause purports to confer power "to require pavements to be laid, and prescribe the kind of pavements to be laid, and to compel the laying of the kind of pavements prescribed in the streets, sidewalks, alleys, and public places of said city, at the expense of the property owner except as herein provided." The subject is next pursued in section 34, as follows:

"Be it further enacted, That it shall be lawful for said city council from time to time, and in such manner as it may be determined to pave, gravel or macadamize any street, avenue, square, public place or alley, in whole or in part, within the corporate limits of said city, whenever said city council may deem it necessary or expedient to do so, and for that purpose said city council is hereby authorized and empowered to adopt and provide the means therefor, and to pass all such by-laws and ordinances as may be required for assessing the property to be benefited thereby for such amounts as may be fair and reasonable, not to exceed one-half of the construction thereof, and of the expense of laying down the same, and also to collect and enforce such assessments as in the case of city taxation, such assessments to be made on property on both sides of the street, or parts of the

streets thus improved per front foot, the assessment not to exceed in any case more than one-fourth of the cost of improvement in front of the property, nor more than ten dollars per front foot of the property taxed, provided that corner property which has been assessed for the improvement of the street on one front shall not be assessed for the improvement of the street on the other front, exceeding one-eighth of the cost of the improvement on such front, nor exceeding two dollars and one-half per front foot, but in case of corner property the assessment shall include all of the street in front of the sidewalk on the narrowest front of said property."

In *City Council of Montgomery v. Birdsong*, 126 Ala. 632, it was held that sidewalk paving though not specifically mentioned in section 34 as a subject of the powers and limitations there expressed, was included therein by what is said as to street paving. The correctness of that decision has been questioned, but the construction there given the charter is adhered to. By authoritative definition as well as common usage, the term street applies to the whole public thoroughfare including sidewalks, the latter constituting parts of the street reserved to pedestrians.—Bouv. Dict. Tit. Sidewalk; *Burmeister's case*, 76 N. Y. 174; *City v. Mahan*, 100 Ind. 242. The term, however, may be employed to designate the way between sidewalks, and how it should be understood in a given case, may depend on the connection in which it is used. If section 12 bounded the city's power in respect of sidewalk paving, it is at least questionable whether it could by any rule assess property to pay for such paving since in general such power is not implied and can only arise from express legislative grant.—Burrows on Taxation, § 126; Endlich Int. of Stat. § 352. The fact that express provisions for levying and collecting paving assessments are made in section 34, indicates that section 12 was not intended to supply assessing powers, and no good reason is apparent why sidewalk paving should be excluded from those express provisions and left to be compelled by penalties or by doubtfully implied powers of taxation. The direction in section 34 for assessing property on both sides of the street for not

more than one-fourth of the cost of improvements in front of the property may be applied when the improvement is of the whole street including sidewalks, as well as when the improvement is of the space between sidewalks; the legislative intention being to limit the charge on property to one-half the whole cost, and one-fourth the cost of the entire width being equal to one-half the cost to the center line of the street. Sidewalks are mentioned separately in the act in recognition of the necessity which may exist for improving them alone and to confer power for that purpose. Besides being limited to half such expense, the power to assess is further and materially qualified by the excepting clause of section 12 in connection with that part of section 34 which restricts assessments to property benefitted, and to such amounts as may be fair and reasonable. In *Birdsong's case, supra,* these provisions were construed to authorize the making of such assessments only on a basis of benefits to the property. That construction now prevailing operates to divest this case of the constitutional question discussed in briefs as to whether the legislature had power to authorize unqualifiedly the imposition on property of the whole or of a given proportion of the cost of such improvements. Here the legislature has not attempted to exercise such power.

As appears from the statement filed in the city court the assessment here in question is for "sidewalk and street paving." So much of it as comes from sidewalk paving is based on an ordinance which deviates from the city's charter in that it directs the whole cost of paving an adjoining property without reference to the extent of benefit to the property. The ordinance relied on as authorizing street graveling charged for likewise ignores the question of benefit, and in that particular is obnoxious to the charter.

Municipal corporations derive their powers from the State and cannot legislate in excess of them.—*Birmingham, etc. Co. v. Birmingham, etc. St. R'y. Co.,* 89 Ala. 465; Dillon Mun. Corp. §§ 317, 319, 329. This principle is applied strictly to ordinances proposing to assess taxes on property for local improvements.—Cooley on

Taxation, 678; Dillon Mun. Corp. § 357.   We concur
with the city court in holding that the assessment made
under those ordinances is void.   As further expressing
reasons for that conclusion we adopt the following from
the opinion of the trial judge expressed concerning the
street graveling ordinance, the principle stated being
applicable to the sidewalks ordinance as well:   "It re-
quires the city engineer to prepare and file with the city
clerk a statement showing the number of feet frontage
of each lot on each side of the street.   He is also required
to make a statement of the total costs of the improvement
of the street, and to 'apportion against the owners of said
lots one-half of the costs of the city of such improve-
ment on said street, to be apportioned against said lots in
proportion to the number of feet frontage of each lot on
such street; *provided,* that not more than one-fourth of
the costs of such improvement in front of the property,
to be taxed, nor more than ten dollars per front foot
shall be apportioned to any one lot.'   It then provides
that the city clerk, on receiving such statement from the
city engineer, 'shall assess the amount of such improve-
ment in front of said several lots, and collect such as-
sessments at the same time and in the same manner as
city taxes are collected.'   The ordinance then gives the
property owner an opportunity to file objections to the
assessment with the city council, and he is also afforded
another such opportunity in this court.   In this ordi-
nance there is not a syllable which by any sort of con-
struction can be construed into a recognition of the fact
that an assessment by the front foot, even within the lim-
its provided, may not be fair and reasonable.   There is
not an intimation that the city engineer and city clerk in
making the assessment shall consider benefit conferred.
The ordinance could not have been framed in terms
which would more certainly and effectively deny to
these officers the right to consider whether the amount
of the assessment was greater than the amount of bene-
fit conferred by the improvement.   They are required
to proceed according to a fixed plan, and not other-
wise.   The charter has been held by the Supreme Court
to mean that the assessment is to be made 'fair and
reasonable,' notwithstanding the requirements that it

be made by the front foot. But this cannot be held to be the meaning of the ordinance. The ordinance means nothing more nor less than that one-half of the costs of improving the entire street is to be distributed among all the lots fronting upon the street in proportion to their frontage. This is a mere matter of arithmetic. The rule is fixed beyond preadventure and is arbitrary in the most absolute sense. * * * The foundation of the entire proceeding being a mere nullity, nothing could be built upon it. The property owner could not be put in default by subsequent proceedings. He was not called to make objections before the city council or in this court. * * * 'There must be an assessment either made pursuant to the levy, or adopted as the basis of the levy, else there can be no lawful collection of taxes.' In Hilliard on Taxation, 291, it is said: 'Assessment is so far an indispensable incident to taxation, that no right of action arises until a legal assessment is made. * * * Even a payment of money as taxes on property before the assessment, and the collector's receipt therefor, are no legal discharge of taxes subsequently assessed thereon.' So in Cooley on Taxation, 259, it is said, citing many authorities, that 'of the necessity of an assessment, no question can be made. Taxes by valuation cannot be apportioned without it. Moreover it is the first step in the proceedings against individual subjects of taxation and is the foundation of all which follow it. Without assessment they can have no support and are nullities.'—*Perry County v. Railroad Co.*, 58 Ala. 560."

Judgment affirmed.

McClellan, C. J., *dissenting.*