(136 So. 851)

**CITY OF MOBILE v. SMITH.**

1 Div. 626.

Supreme Court of Alabama.

June 18, 1931.

Rehearing Denied Oct. 22, 1931.

Vincent F. Kilborn, of Mobile, for appellant.

Smith & Johnston, of Mobile, for appellee.

BROWN, J.

The bill in this case was filed by the appellee under article 2 of chapter 336 of the Code of 1923, relating to "Proceedings in Rem to Establish Title to Land," against the city of Mobile, Merchants' National Bank of Mobile, and the "property fronting on Springhill Avenue" described in the bill.

The substance of the averments of the bill is that the complainant is in the actual peaceable possession of the property which is described in the bill with certainty; that complainant claims a fee-simple title thereto, under warranty deed, dated December 22, 1920, and recorded in Book 189, N. S. pp. 434, 435, Probate Records of Mobile County, Ala.; that, so far as complainant knows or is able to ascertain, no one has, during the past ten years, claimed any right, title, or interest in or to said lands, except the city of Mobile, which claims a lien on said property for paving the north side of Springhill avenue adjacent to said property; that, by an ordinance passed and adopted by the city of Mobile, on, to wit, December 8, 1925, it was provided that the cost of improvements to the street in front of said property be assessed against said property and constitute a lien thereon to secure the payment of said improvements; that the city passed an ordinance fixing the assessment for improvements in paving venture No. 23, against the adjoining property owners, the pavement in front of complainant's property being a part of said venture, at $5.77 per front foot; that a resolution was adopted calling for bids upon bonds to be sold for the purpose of paying for said improvements, and stating the provisions and terms to be contained in said bonds, among others, that, the bonds in addition to being a direct and primary obligation

of the city, their payment was secured by a lien upon the property abutting on the streets and alleys in said city included in the area of said venture No. 23, the cost covered by such lien to be collected and kept in a separate fund for the sole and exclusive use and purpose of paying the bonds and the interest thereon, and provided in the ordinance; that, pursuant to the ordinance providing for the sale of said bonds, they were sold to the highest bidder, on June 22, 1926, and were purchased by the Merchants' Bank of Mobile, the predecessor of the respondent, Merchants' National Bank; that such bonds were issued and delivered to said bank to the amount of $462,000, providing for a lien upon the property abutting on said streets, within said area, including the property of complainant; that said respondent bank has sold and disposed of a large portion, if not all, of said bonds, "but complainant does not know and is not able to ascertain who are the present owners of the said bonds," but that the "holders of said bonds now claim a lien upon complainant's property as part security for the payment thereof"; that prior to April 10, 1923, complainant's property was not within the corporate limits of the city, and on said date the city commissioners, as authorized by article 4, chapter 32 of the Code of 1907 (article 4 of chapter 43, Code 1923), extended the corporate limits so as to embrace the area in which complainant's property was situated, which extension was ratified by an election held in pursuance thereof; that improvements made by said city, the cost of which is sought to be charged against complainant's property, were not for sanitary sewers, and that the majority of the property owners on the street or streets, for the improvement of which the city has attempted to assess said property, including complainant's did not sign written petitions for such improvements, and no such petitions were filed with the city clerk prior to the passage of said improvement ordinances.

The bill prays that, upon final hearing, a decree be entered "that the City of Mobile had no right, power or authority to assess the cost of the paving of Springhill avenue in front of said property against complainant, and had no right, power or authority to create a lien on complainant's property for the payment of said improvements, and that this court will further decree that the holders of the bonds issued by the City of Mobile purporting to constitute a lien upon the property abutting upon streets and alleys in the City of Mobile, included in the area known as 23rd paving venture or improvement, do not constitute a lien or cloud upon complainant's title, and complainant further prays that this court will decree that complainant is the fee simple owner of the said property, and that said property is free from any encumbrance whatsoever," and for general relief.

The respondent, city of Mobile, filed demurrers to the bill, asserting that the bill was without equity, that the complainant, by failing to appear and make objection to the assessment, is now estopped to question the authority of the city commissioners and the regularity of the proceedings creating said lien.

The demurrers were overruled, and the respondent, city of Mobile, answered, alleging:

That said improvements consisted of grading Springhill avenue on which complainant's property abuts, installing and constructing thereon concrete curbing, concrete gutters, and underground drainage. That the venture was duly initiated by an ordinance adopted December 8, 1925, in pursuance of the general authority vested in the city by article 33 of chapter 43 of the Code, and in compliance with section 2176 thereof. That the ordinance was published as required by section 2178, and a copy thereof sent by registered mail to complainant, as required by said section.

After the completion of said improvements, an assessment book for local improvements was prepared and kept as required by section 2191, and delivered to the city clerk, and notice given by publication as required by sections 2192 and 2194 of the Code, fixing the date for hearing objections by the city commissioners, and although complainant received notice of the initial ordinance and had notice and knowledge, prior to the time the assessment was made final and while the improvements were being made, that the city commission would attempt to levy an assessment against his property, and made no objection to said assessment until after said assessment was made final, and then only by the filing of the bill in this case.

That assessment, amounting to $1,194.23, was made final by an ordinance adopted July 26, 1927, and no part thereof has been paid. That the bonds of the city were issued and sold as alleged in the bill, and purchased by the Merchants' Bank, but the city has no information as to the present owners, and that, by reason of complainant's failure to object as provided by article 33, chapter 43, of the Code, he is now estopped.

The answer is made a cross-bill, and prays that the lien resulting from the assessment be enforced against the property.

The respondent bank answered, alleging that it purchased and sold the bonds issued for the cost of said improvements, but is not advised as to the present owners thereof.

Demurrers were filed by the complainant to the cross-bill of the city, taking the point that, under the provisions of article 4, chapter 43, of the Code, the area embracing the complainant's property was included within the city of Mobile by extending its corporate

limits, and the ordinance adopted thereunder exempting the property located therein from taxation for betterments or improvements, except sanitary sewers, in the absence of written petition filed by a majority of the owners fronting streets to be improved, filed with the city clerk, constitutes a contract between the property owners within such area, and the property owners were under no duty to make objection to such assessment, and, by complainant's failure to object, has not waived the benefit of such contract, and is not estopped to question the authority of the city to levy assessments against said property.

The demurrers to the cross-bill were sustained, and the cause was thereupon submitted upon an agreement as to the facts, and the bill and answer, resulting in a decree enjoining the city of Mobile from taking steps or action to enforce a lien against the said property of complainant for improvements made to Springhill avenue in front of said property; that the bonds issued by the city of Mobile in connection with said paving venture No. 23 do not constitute a lien upon complainant's property, and that the holders of said bonds have no lien whatsoever upon complainant's property; and taxing the city with the costs of the proceedings; hence this appeal.

The agreement as to the facts sustains the material averments of the bill, and the material averments of the answer as well, and the question presented is one of law.

The appellant's contention is that complainant's failure to appear and file objections to the assessment, before it was made final as authorized by section 2196, is tantamount to giving his consent to the assessment, and he is now estopped to question the existence of the lien.

The appellee's contention. on the other hand, is that the statute, Code of 1923, § 1809, which provides: "The council or governing body of the city shall have no. authority or power to construct or cause to be constructed any improvements or betterments in territory which is exempt from taxation under the provisions of this article, the cost of which or any part of which is assessable against the abutting property, except as provided in this article," deprived the city commissioners of Mobile of jurisdiction and power to make the assessment and charge the abutting property with a lien, and, being without power or jurisdiction to act, the property owner, though he was given notice that they would attempt to do so, and had knowledge that they were proceeding to that end, had the right to assume that they would not proceed contrary to the statute,. and no duty rested on him to object.

These contentions present another question, that is, whether or not the appellant has such interest in the controversy, it having disposed of all the bonds issued to cover the cost of the improvements, as that it may set up the statutory estoppel, and, if such estoppel is sustained, may enforce the lien.

■■ The bonds issued, according to the recitals therein, were made "a lien upon the property abutting on the streets and alleys in the City included in the area known as the 23rd Paving Venture or Improvement," and in addition thereto are "a direct and primary obligation of the City of Mobile," and, if the lien against the abutting property fails or is declared void, the liability of the City will be increased pro tanto. Therefore the city, in addition to its relation as statutory trustee for the collection (Code, § 2217), preservation, and application (sections 2226, 2230, 2231, Code) of the bonds, if the lien is sustained. stands as quasi surety for the payment of the indebtedness created for the betterment of the abutting property, to the extent of the resulting benefit, and is entitled, in equity, to compel payment in discharge of its liability. Tillis v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am. St. Rep. 31, 8 Ann. Cas. 78; Segall et al. v. Loeb et al., 218 Ala. 433,.118 So. 633.

■ We are therefore of opinion that the city's interest in the controversy is such that it may plead the estoppel, and, if complainant is estopped to question the existence of the lien, the cross-bill was well filed. In so proceeding it moves in a representative capacity as statutory trustee of the bondholders, and in its own right as quasi surety. Code 1923, §§ 9912, 9921.

■ It must be conceded that, if the city commissioners were without jurisdiction and power to make betterment improvements, within the area brought within the city limits, by the extension of its corporate limits, and assess the cost thereof against the abutting property to the extent of the increased value resulting from such improvements, their proceedings are void, and the abutting property has not been charged with a lien. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; City Council of Montgomery v. Foster, 133 Ala. 587, 32 So. 610; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Hughes et al. v. Stephens et al., 219 Ala. 134, 121 So. 397.

Article 33 of chapter 43 of the Code, beginning with section 2174, confers on all cities and towns general power to make betterment improvements of "any street, avenue, alley, highway," etc., and "may cause the cost and expense of all or any part of the aforesaid works and improvements to be assessed against the property abutting on said street, avenue, alley [&c.], * * * so improved * * * to the extent of the increased value of such property by reason of the special benefits derived from such improvements." And

there is no question in this case but what the city commissioners proceeded in accordance with the pertinent statute—that the complainant had due notice thereof and interposed no objection thereto.

Appellee's contention, as before stated, is that section 1809 of the Code, heretofore quoted, deprived the city commissioners of jurisdiction to so proceed against abutting property within the area added to the city by the extension of its corporate limits. Whether this is so or not depends upon the legislative intent to be gathered from the provisions of the section of the Code, now to be noticed.

Section 1784, in short, provides that all territory brought within the corporate limits of a city under the provisions of article 4, chapter 43, of the Code, shall be exempt from taxation or the payment of taxes to the city for a period of not less than ten nor more than fifteen years, which period shall be fixed by the resolution passed by the governing body of the city under section 1770, initiatory to the extension of corporate limits, except as provided in sections 1785 and 1786.

Section 1785 provides that from time to time, after the lapse of five years from the time the territory is brought within the corporate limits, all portions of such territory as has residing on it a population of at least twenty persons on a contiguous ten acres of land, and all property having a situs on such populated territory, shall thereafter be subject to taxation by the city.

Section 1786 exempts mining, manufacturing, or industrial plants, not including residences, dwelling houses, storehouses, commissaries, warehouses, and the land on which they are situated.

Section 1787 authorizes a city, by resolution of its governing body, "as often as the facts exist which authorize a city," to impose taxes, to declare such fact; and sections 1788 and 1789 provide for notice of such resolution to the persons affected thereby; and sections 1790, 1791, and 1792 provide for a contest and hearing before the judge of probate; section 1793 authorizes an appeal to the circuit court and notice thereof; sections 1795 and 1796 for a hearing on such appeal, for decree and certificate thereof; and section 1798 provides that all property adjudged to be subject to taxation shall be liable thereafter, etc.

Section 1799 provides that all territory brought within the limits of the city under the provisions of said ordinance "shall be subject to the laws and ordinances of said city, and the council or governing body of the city shall have and exercise the same jurisdiction over such territory as is exercised over the territory within the corporate limits * * * except as herein restricted, and except as may be restricted by ordinance or resolution passed by the council or governing body of the city."

Sections 1800–1802 provide for the creation of new wards, and for representation of the new area in the governing body of the city.

By section 1804 the council or governing body is empowered to construct sanitary sewers, and, in the added territory, enforce sanitary connections and assess the cost of such improvements against abutting property benefitted.

Section 1805 makes like provision as to sidewalks and street curbings on written petition of a majority of the owners of a majority of the frontage, such petition to be filed with the clerk of the city.

And section 1816 declares the effect of the provisions of the article to be as follows: "The provisions of this article *shall be held to be a contract* by and between the city and persons or corporations owning property in the territory exempt from taxation under the provisions of this article, and no amendment hereof or subsequent law shall confer upon the city other or different rights and powers as to such territory as is exempt from taxation so long as such territory remains exempt from taxation under the provisions of this article. Any person residing in or owning property in the territory exempt from taxation under the provisions of this article shall have the right in any court having jurisdiction to prevent the city from exercising any other or different powers in the territory exempt from taxation or any part thereof than the powers authorized under the provisions of this article." (Italics supplied.)

█ █ If the jurisdiction of the governing body of a city or town to make betterments or improvements and charge the cost thereof to the abutting property was wholly dependent *upon the provisions of article 4 of chapter 43* of the Code, there would be much force in appellee's contention that the city commissioners of Mobile were wholly without jurisdiction to proceed, but this is not the case. Article 33 of the same chapter confers general jurisdiction upon such bodies to so proceed, and, construing section 1809 in connection with the other provisions of article 4, and especially section 1816, we are of opinion that the clear legislative intent was to set up in favor of the property owners residing within the new area, a contract exemption, affording a complete defense to taxation for betterments or improvements other than for sanitary sewers, if such defense had been timely asserted, but that it is a right that may be waived, and was waived, in the case of the complainant by his failure to assert it before the assessment against his property was made final; that such failure

was tantamount to his consent that his property might be so taxed. Code of 1923, § 2196; Ex parte Gudenrath (In re City of Huntsville v. Gudenrath), 194 Ala. 568, 69 So. 629; City of Huntsville v. Goodenrath, 13 Ala. App. 579, 68 So. 676; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

In Gudenrath's Case, supra, it was held that the property owner, by failing to make objection before the city council, waived his constitutional right to question the assessment or assert that his property had been greatly damaged; and in City of Birmingham v. Wills, supra, it was held that "a party may waive a rule of law or a statute, or *even a constitutional provision* enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection," citing authorities. (Italics supplied.)

Section 9921 authorized the appellant to assert its right by cross-bill, and section 9922 prescribes: "If upon the hearing of said cause the title to the property, or any part of the property, described in the bill of complaint, or any interest claimed by complainant or cross-complainant in said property or any part thereof, be duly proven, the court shall decree the title to such property, or to the interest therein claimed in the bill of complaint to be in complainant or cross-complainant, or partly in one and partly in the other, specifying the part in or to which each has title or interest."

The judgment here is that the court erred in sustaining the demurrers of the complainant to the cross-bill, and in this respect the decree is reversed and one rendered overruling the demurrers to the cross-bill, and the cause is remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

BROWN, J.

The first criticism of the opinion made by appellee is that "the Court, in referring to complainant's property, stated 'that by an ordinance passed and adopted by the City of Mobile on, to-wit, December 8, 1925, it was provided that the cost of improvements to the street in front of said property be assessed against said property and constitute a lien thereon to secure the payment of said improvements.' The ordinance referred to will be found on pages 20–24 of the record. The particular paragraph which the opinion evidently referred to is Section 2 of the ordinance (page 23 of the record), the material part of which is as follows: 'Section 2. The cost of said improvements and reimprovements on each of said streets and avenues or portions thereof, to be improved and reimproved as aforesaid, shall be assessed against the abutting properties on each such street or avenue or portion thereof, respectively, *so far as said cost is chargeable against said abutting properties.*'"

Counsel, in preparing the application, probably overlooked the fact that the statement above quoted was not a statement of the court's conclusion on the facts, but was taken from that part of the opinion stating the substance of the averments of the appellee's original bill, and is a verbatim statement of its averments to be found in paragraph 4 of the bill.

The next criticism is in respect to a statement of the opinion: "And although complainant received notice of the initial ordinance and had notice and knowledge, prior to the time the assessment was made final and while the improvements were being made, that the city commission would attempt to levy an assessment against his property, and made no objection to said assessment until after said assessment was made final, and then only by the filing of the bill in this case." This was a statement of the averments of the answer and cross-bill, to be found in paragraph 4 thereof.

The criticism, therefore, that "the agreement and the record in this case" do not justify these statements is clearly without point.

The only statement as to the effect of the agreed statement of facts is, "that it sustained the material averments of the bill and the material averments of the answer as well." This, on the idea that it showed that the notices required by the statute and essential to the regularity of the proceedings were given, and that this was all that was material or essential to the application of the statutory estoppel. This statement, however, was not pertinent to the only question decided—the sufficiency of the cross-bill as against the demurrers filed by the appellee.

The next criticism of the opinion is that, in dealing with the questions presented, it assumes that the purchasers of the bonds were led to believe that the bonds were secured by a lien against the abutting property, when as a matter of fact the time for making objections to the levy by the property owner had not expired at the time of the sale. The original bill alleges: "That the City of Mobile on, towit, June 1st, 1926, adopted a resolution calling for bids upon bonds to be sold for the purpose of paying for said improvements, and stating the provisions and

terms to be contained in said bonds, among which was the following: 'This bond, in addition to being a direct and primary obligation of the City of Mobile, is also secured by a lien upon the property abutting on the streets and alleys in said City included in the area known as 23rd Paving Venture or Improvement heretofore duly adopted and authorized by this Board.'"

In these circumstances the purchaser undoubtedly had the right to rely on such lien, subject only to the right of objection by the property owner in the manner provided by the statute, or preventative efforts on his part to restrain the city from making the levy as authorized by section 1816 of the Code.

 The contention of appellee is, not that the city was without jurisdiction or authority to improve Springhill avenue by paving and curbing the same, but it was without jurisdiction to charge the cost of such improvement and curbing against the abutting property, for the sole reason that the appellee's property was in the area encompassed by the extension of the corporate limits; this exemption resting upon the ordinance and the statute authorizing the extension. The statute declares the character and effect of the exemption in these words: "The provisions of this article *shall be held to be a contract by and between the city and the persons or corporations owning the property in the territory exempt from taxation under the provisions of this article,"* etc., and section 1809 declares that "the council or governing body of the city shall have no authority or power to construct or cause to be constructed any improvements or betterments in territory which is exempt from taxation under the provisions of this article, *the cost of which is assessable against the abutting property,* except as provided in this article." (Italics supplied.) These statutes are in pari materia, and the presumption is that the Legislature in their enactment had in mind the whole subject under consideration, and, when interpreted with and in the light of section 2174, do not deprive the city's governing body of jurisdiction, but establish a right of exemption on the basis of the contract declared by the statute. Statutes relating to the same subject and passed at the same session of the Legislature are to be construed together as one act. 25 R. C. L. p. 1062, § 286.

Under the uniform rulings here, such rights are waivable, and are waived by the property owner if not asserted and insisted upon before the assessment is made final. Code 1923, § 2196; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

The principle has been applied without the aid of statutory estoppel in cases of exemption of property from the payment of debts, where the exemption is not asserted before judgment of condemnation. Randolph v. Little, 62 Ala. 396; Wright v. Grabfelder & Co., 74 Ala. 460; Martin v. Lile, 63 Ala. 406; Sherry v. Brown, 66 Ala. 51; Clark v. Spencer, 75 Ala. 49; Moseley v. Neville, 221 Ala. 429, 129 So. 12.

The holding in Goodman et al. v. City of Birmingham (Ala. Sup.) 135 So. 336,[1] is that property not abutting the street to be improved is not brought within the jurisdiction of the city's governing body, and that notice by publication directed to abutting property owners was not notice to an owner whose property did not abut the street to be improved. To state the question decided in another way, the city commission did not have jurisdiction of the subject-matter.

 Much is said in the application for rehearing in respect to an arrangement between the county of Mobile and the city of Mobile relating to the upkeep of Springhill avenue, and as to what occurred between appellee and the city attorney. These are matters dehors the record, and cannot be considered. However, if these matters are sufficient to warrant a denial of the application of the statutory estoppel asserted in the cross-bill, they may be availed of as defensive matter in answer to the cross-bill.

We are therefore of opinion that the application for rehearing should be overruled. It is so ordered.

*Application overruled.*

All the Justices concur, except SAYRE, J., not sitting.

