# Daniel Bros. *v.* Jordan & Son.

## *Detinue.*

(Decided April 20, 1906. 40 So. Rep. 491.)

1. *Detinue; Demand; Damages for Detention.*—Where one who holds property by virtue of a recovery of the same in a suit of detinue, such one is not a trespasser in his possession as to a subsequent mortgagee, and before said subsequent mortgagee can recover damages for a detention of the property as against such prior mortgagee in possession, a demand is necessary before service of the writ.

2. *Judgment; Conclusiveness; Parties.*—Where a second mortgagee of chattels was not a party to a suit in detinue by a prior mortgagee against a stranger for their recovery, a judgment in favor of the first mortgagee for the chattels does not affect the rights of the second mortgagee.

3. *Chattel Mortgages; Renewal; Payment.*—It is a question of fact resting in the intention of the parties, whether a second mortgage given in renewal of a prior mortgage operates as a payment and satisfaction of the prior mortgage or not.

APPEAL from Cherokee Circuit Court.

Heard before HON. W. W. HARALSON.

E. J. Clifton executed a mortgage to Daniel Bros., upon certain oxen and wagons. At a later date, he executed a mortgage on the same property to H. R. Jordan & Son. Daniel Bros. obtained possession of the property through a suit in the Gadsden city court, and Jordan & Son brought this action of detinue for the recovery of the property. Jordan & Sons were not parties to the former suit. In the judgment rendered, the value of the use of the oxen was assessed at $46.00, and the value of the use of the wagon was $23.00. The defendant in the court below objected to evidence as to the value of the use and hire of the oxen and wagon, but the court permitted such evidence to go to the jury.

CULLI & MARTIN, for appellant.

J. C. ELDER, for appellee.

DOWDELL, J.—The plaintiff and defendant each claim title to the property in question through mortgages from a common mortgagor. The mortgages through which the defendant claimed were prior in time to that of the mortgage through which the plaintiff claimed. At the time of the suit brought the defendant was in the actual possession of the property. He had obtained this possession by a judgment of the city court of Gadsden in a detinue suit brought for the recovery of this property against a third party in possession, and in which suit the mortgagor became a party as claimant. The defendant, therefore, was not a tresspasser as to his possession. The rule of law as stated in *Vaughn v. Wood,* 5 Ala. 304,

as to the recovery of damages for the detention of property, is as follows: "If the plaintiff seeks a recovery of damages for the detention, prior to the service of the writ a special demand is, in general, necessary." There was no proof of any special demand in the present case before the service of the writ. The court permitted the plaintiff, against the objection of the defendant, to prove the value of the hire or use of the property in question for a period of 13 months prior to the commencement of this suit. In this the court was in error.

The payment and satisfaction of the mortgage through which the defendant claimed title was an issue in the case; the plaintiff alleging that said mortgage had been paid off and satisfied, and the defendant denying this. The plaintiff in this suit was a stranger to the proceedings had in the city court of Gadsden, and his rights, therefore, were unaffected by the judgment and proceedings in that court. As to whether a second mortgage, given in renewal of a prior mortgage operates a payment and satisfaction of the older mortgage, depends upon the intention of the parties, and is necessarily a question of fact, which fact, as any other fact, is one for the determination of the jury.

The bill of exceptions recites that on a motion for a new trial the court sought to avoid the error committed by the court on the trial and hereinabove pointed out by correcting and reducing the assessment of damages made by the jury for the use and hire of the property during the period of its detention. But the judgment appealed from fails to show any such correction, even if it were permissible for the court to have corrected the verdict and judgment as indicated in the bill of exceptions. This, however, it is unnecessary for us to decide.

For the error pointed out, the judgment of the court will be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.