[West Huntsville Cotton M. Co., et al. v. Alter.]

# West Huntsville Cotton M. Co. *et al.* *v.* Alter.

## *Bill to Redeem.*

(Decided Jan. 1, 1910.   51 South. 338.)

1. *Principal and Surety; Existence of Relation.*—Where a person bought land from a corporation encumbered by a trust deed or mortgage and deposited with the trust company a certain sum to procure a release of the lands purchased from the corporation, said sum to be held for the purpose of liquidating any balance due on the bonds if the assets of the corporation were otherwise insufficient, the sum to be held by the trust company to indemnify the bondholders for releasing the lands conveyed, such a person became surety for the payment of the bonds of the corporation to the extent of the amount deposited by him with the trust company.

2. *Same; Action Between; Exoneration.*—After the debt has become due and without paying or being called upon to pay it, a surety may file a bill in equity to compel the principal debtor to exonerate him by payment provided the creditor's rights are not prejudiced thereby.

3. *Same.*—Under the facts alleged by the bill of complaint in this case, the complainant as surety was entitled to the relief demanded under the rule permitting a surety, after forfeiture, to sue to redeem his property from a mortgage covering both it and the principal's prperty, without first paying the entire mortgage debt, and in the same suit compel the application of the principal's property to the payment of the debt.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Bill by Franklin Alter against West Huntsville Cotton Mills Company and another.   From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

. The case made by the bill is:   That in September, 1892, the West Huntsville Cotton Mills Company executed its mortgage or deed of trust upon certain real estate in the county of Madison to the Central Trust Company of New York to secure the negotiable bonds of the West Huntsville Cotton Mills Company.   A copy

20—164

of the deed of trust is made an exhibit to the bill. That the West Huntsville Cotton Mills Company issued $50,-000 of negotiable bonds, becoming due in 1902, all of which are outstanding except $10,000, which has been paid and cancelled, but that the interest on the same has been paid regularly up to March, 1907. It is then alleged that after the execution of said mortgage or deed of trust complainant acquired title to certain described portions of the said real estate covered by the mortgage or deed of trust. Here follows a description. It then alleged: That the West Huntsville Cotton Mills Company released, quitclaimed, and conveyed to complainant the above-described lands, which conveyance is made an exhibit to the bill, and that the said Central Trust Company by an instrument in writing released said land from the operation of said mortgage or deed of trust, upon a deposit by complainant with them of the sum of $10,000 in lawful currency of the United States, which sum of money, with the interest that has accrued thereon, is still held by said trust company. That said sum of money was so received by said trust company in place of the land so released, or the amounts which it under article 7 of said mortgage or deed of trust was to receive of the proceeds of any of said lots which might be sold, which amounts by the terms of the mortgage were to be held by the said trustee until the maturity of the bond, and, if the assets of the said West Huntsville Cotton Mills Company should prove sufficient to pay the same, then such sum, not exceeding $40,000, should be used for liquidating any balance that might be unpaid, but, if the assets should be insufficient, then as many of said lots as might be necessary to raise said $40,000 should be sold for that purpose, and, on the payment of all said bonds on the said cotton mills company, the lots remaining unsold

should be reconveyed by said trustee to the Huntsville Land, Building & Manufacturing Association, and said sum of money and the interest thereon is held by said trust company as trustee to indemnify said bondholders for said release to the extent that said block of land or the proceeds of the sale thereof could have been held for such release. It is then alleged that the indebtedness secured by deed of trust is long past due, and that the mortgage has long been subject to foreclosure, and that the parties holding the bonds and the trust company have refused and declined to take any proceedings for the collection of said indebtedness or the foreclosure of said mortgages or deeds of trust, and in the meantime complainants' said $10,000 and interest thereon are withheld from him, to his great loss and damage. It is then sought to require foreclosure, and that the complainants be let in to redeem the property of the West Huntsville Cotton Mills Company and his said money deposited with the said trust company, and that the property of the said West Huntsville Cotton Mills Company covered by said mortgage or deed of trust be first sold and the proceeds applied to the taking up of the debt. The prayer is that the complainant redeem his funds, that the mortgage be foreclosed, and a receiver be appointed to take charge of the cotton mills and apply its proceeds to the liquidation of this debt, and for general relief. The demurrers take the point that the deposit of the money with the trust company was a voluntary act of the complainant to obtain a release of his lands from the mortgage; that it does not appear that the defendant was a party to the contract between the complainant and the trust company, whereby the sum of money was deposited. It affirmatively appears that no liability exists against the cotton mills company for return of the $10,000 so deposit-

ed. It affirmatively appears that complainant was not a creditor of the West Huntsville Cotton Mills Company, and therefore not entitled to redeem. The trust company also filed demurrers setting up practically the same points.

COOPER & COOPER, and PAUL SPEAKE, for appellant. —The complainant never stood in the attitude of a surety.—*Lyon v. Leavitt,* 3 Ala. 480; *Evans v. Keelan,* 7 Ala. 36; *State v. Barker,* 72 Ala. 182. Complainant cannot maintain this bill to have the mortgage foreclosed and the lands sold and the proceeds applied to the satisfaction of his claim unless he redeems as a junior encumbrancer.—*Kelly v. Longshore,* 78 Ala. 203; *Mims v. Cobbs,* 110 Ala. 582; *Threefoot v. Hillman,* 130 Ala. 244. For these reasons we submit that the demurrers should have been sustained.

WALKER & SPRAGINS, for appellee.—Complainant was clearly a surety.—27 A. & E. Ency. of Law, 433; *Allen v. McDonald,* 28 Fed. 346. Under the allegations of the bill complainant is in position to demand that equity compel the principal debtor to exonerate him from liability by paying the debt, provided no creditor's rights are prejudiced.—*Thomas v. St. P. M. & E. Church,* 86 Ala. 138; *Tillis v. Folmar,* 145 Ala. 176. This case falls clearly within the principles declared in *Gresham v. Ware,* 79 Ala. 192.

DOWDELL, C. J.—Under the facts alleged in the bill, the complainant, as to his property which is held by the mortgagee, the Central Trust Company, under the deed of trust to it to secure the bonds of the West Huntsville Cotton Mills Company, is a surety for the payment of such debt. "When property of any kind is

pledged or mortgaged by the owner to secure the debt, default, or miscarriage of another person, such property occupies the position of a surety."—27 Am. & Eng. Ency. of Law, 433; *Allen v. McDonald,* (C. C.) 28 Fed. 346. As has been said, no principle in equity is more familiar, or more firmly established, than that a surety, after the debt for which he is liable has become due, without paying or being called upon to pay it, may file. a bill in equity to compel the principal debtor to exonerate him from liability by its payment, provided no rights of the creditor are prejudiced thereby.—*Thomas v. St. Paul's M. E. Church,* 86 Ala. 138, 5 South. 508; *Tillis v. Folmar,* 145 Ala. 176, 39 South. 913, 117 Am. St. Rep. 31.

In *Gresham v. Ware,* 79 Ala. 192, the same principle being under consideration, it was said: "A like equity arises in the case of a mortgage, executed by the principal debtor and surety, on the separate and individual property of each. Should the mortgagee bring a bill for the foreclosure, and the property of the principal debtor, having first been sold, proves sufficient to discharge the debt, the property of the surety will be released; or, if insufficient, and the property of both is sold, when the proceeds are brought into court for appropriation, the portion accruing from the property of the principal will be first applied, and the deficiency paid from the proceeds of the surety, to whom any surplus will be awarded. * * . * On a bill for redemption, the amount to be paid will be ascertained in like manner, and the equities adjusted on like principles. The rights of the mortgagee will not thereby be delayed, or obstructed, or impaired, and the surety is not put to circuity of action. The rights of the parties are ascertained and determined in one suit, the mortgagee and surety are both protected, and equity administered. In case of such mortgage, the surety

need not wait the pleasure of the mortgagee as to the time of foreclosure, and suffer his property continued under the encumbrance. As, after the debt has become due, the surety may file a bill to compel the principal to pay it, so, after forfeiture, he may bring a bill for the redemption of his property from a mortgage covering the property of both the principal and himself, without first paying the entire mortgage debt, and in the same suit, as ancillary to redemption, compel the application of the principal's property to its payment. It is sufficient if he pays, or offers to pay, the balance that may be due."

Here the bill contains an offer to redeem and to pay the debt secured. Applying the doctrine above laid down to the facts averred in the bill before us, a clear case of equitable relief is presented. The demurrer to the bill was properly overruled, and the decree appealed from will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.