[Graves & Gross v. Leach.]

# Graves & Gross *v.* Leach.

## *Detinue.*

(Decided April 22, 1915. 68 South. 297.)

1. *Estoppel; Equitable; In Pais; Misrepresentation.*—Where a creditor induced another to advance on a mortgage money to his debtor wherewith to pay him by representing that the debtor's total indebtedness to him was a certain amount, such creditor was estopped to claim the property thereafter, under a mortgage given him in renewal of one which had not been paid, and not included in the amount represented to be owing; an equitable estoppel, or an estoppel in pais arising where one represents by word of mouth, conduct, or silent acquiescence that a certain state of facts exist, thus inducing another to act in reliance upon the supposed existence of such fact, so that if the party making the representations were not estopped to deny its truth, the party relying thereon would suffer loss or injury.

2. *Charge of Court; Applicability to Issue.*—Where the title to the property depended on whether a certain mortgage was taken in settlement of a prior mortgage, or as collateral security thereto, the refusal of an instruction as to the effect of such a taking in settlement, correct and applicable to the issues in evidence, was erroneous.

3. *Mortgages; Payment; Acceptance of Second Mortgage.*—Where the tittle to property depended on whether a mortgage had been accepted in satisfaction of a previous mortgage. the question was one of fact for the determination of the jury, dependent on the intention of the parties.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue by W. A. Leach against R. L. Nix, with suggestion from Nix that Graves & Gross were the owners of the property, such parties appearing as claimants and defending. From a judgment for plaintiff, claimants appeal. Reversed and remanded.

Transferred from the Court of Appeals under the act creating such court.

GEORGE A. SORRELL, for appellant.

RIDDLE, ELLIS & RIDDLE, for appellee.

[Graves & Gross v. Leach.]

MAYFIELD, J.—Appellee sued one R. L. Nix in detinue, to recover one small black mare mule. Nix suggested appellants as claimants and owner of the mule, and, after notice, they appeared and defended. Plaintiff and the substituted defendants both claimed title by virtue of mortgages executed by Nix, the original defendant. Appellants' mortgage was prior to one of appellee's mortgages, but subsequent to another. Appellants and Nix claimed that appellee's prior mortgage was satisfied by the taking of the subsequent one, while appellee claimed that the second mortgage was only additional to or collateral security for the first. This was one of the disputed facts, which, when correctly settled, would determine the rights of the parties except as to a question of estoppel, which, if established, might prevent the appellee from asserting his title against the appellants. The question of estoppel, if it exists, arises as follows: Appellee had, for some time prior to the date of appellants' mortgage, furnished Nix with supplies, and had taken mortgages to secure the indebtedness. Nix being unable to meet the payments, and appellee being desirous of collecting the debt and closing out his mortgages, Nix applied to appellants for the loan or advance of money to pay and satisfy the debts due the appellee. Appellants instructed Nix to get from appellee a statement as to the amount which Nix was owing. Nix did this, and delivered the statement to appellants, who thereupon gave Nix a check, payable to appellee, for the amount shown to be due by the statement. This check had written in the corner thereof, "Balance due in full to date by R. L. Nix." Appellee accepted this check, collected the proceeds, and delivered to Nix some mortgages, accounts, etc. Nix then executed a mortgage to appellants for $600, including the money advanced for him to appellee, and that for

other advances made and to be made. The mule in question was included in this mortgage. It appears, however, that there was an indebtedness, for the mule in question, due from Nix to appellee, which was not included in the statement rendered, and that this debt was secured by a separate mortgage on the mule, which mortgage was not surrendered. After Nix had executed the mortgage to appellants, he executed another mortgage to appellee, for the balance due on the mule. Nix claims that the last mortgage was in settlement and satisfaction of the first, so as to make appellants' mortgage the prior lien upon the mule.

(1) Appellee contends that the last mortgage was only additional or collateral security, and not a mortgage in satisfaction of the first. If appellee knew that appellants were lending the money with which Nix was to pay his indebtedness due appellee, and then represented to appellants, or led them to believe, that the statement rendered covered all the indebtedness due him from Nix, and appellants relied on that statement, in advancing the money to Nix with which to discharge this debt, and appellee accepted the money knowing that appellants were so relying upon the statement as showing all that Nix owed him, then appellee would be estopped from setting up his prior mortgage on this mule, as against the appellants, who had been so deceived by the statement rendered by appellee to them. This court has spoken as follows on this subject: "The estoppel relied upon is known as an equitable estoppel, or estoppel in pais, and the law on the subject is well settled. 'The vital principle [says Herman] is that he who, by his language or conduct induces another to do what he would not otherwise have done, shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of po-

sition is sternly forbidden. It involved fraud and false-hood, and the law abhors both. This remedy is always so applied as to promote the ends of justice.'—2 Herman on Estoppel, § 934; *Hendricks v. Kelly*, 64 Ala. 391; *Nelson v. Kelly*, 91 Ala. 569 [8 South. 690]; *McCravey v. Remson*, 19 Ala. 430 [54 Am. Dec. 194]; 7 Am. & Eng. Ency. Law, 18; 4 Am. & Eng. Dec. in Eq. 258."—*Fields v. Killion*, 129 Ala. 373, 376, 29 South. 797, 798.

"If a man, whatever his real meaning may be, so conducts himself that a reasonable man would take his conduct to mean a certain representation of facts, and that it was a true representation, and that the latter was intended to act upon it in a particular way, and he with such belief does act in that way to his damage, the first is estopped from denying that the facts were as represented."—*Carr v. London & North Western Railway Co.*, L. R. 10 C. P., 317.

"A party who negligently or culpably stands by and allows another to contract on the faith and understanding of a fact which he can contradict cannot afterwards dispute that fact in an action against the person whom he has himself assisted in deceiving."—*Gregg v. Wells*, 10 Adol. & E. 90.

"If any person, by actual expressions or by a course of conduct, so conducts himself that another may reasonably infer the existence of an agreement or license, and acts upon such inference, whether the former intends that he should do so or not, the party using that language, or *who has so conducted himself*, cannot afterwards gainsay the reasonable inference to be drawn from his words or conduct."—*Cornish v. Abington*, 4 H. & N. 549.

See, also, *Swan v. North British A. Co.*, 7 H. & N. 601.

Negligent silence may work an estoppel as effectually as an express representation.—Bigelow on Estoppel, 588; *Town of Brookhaven v. Smith,* 118 N. Y. 634, 23 N. E. 1002, 7 L. R. A. 755, and note under Silent Acquiescence, on page 756.

(2) If the last mortgage given by Nix to appellee was given and taken in satisfaction of the first mortgage, then appellants had the prior and paramount title to the mule, and should have recovered, whatever the jury might find on the question of estoppel. As before stated, however, this was a disputed question of fact, and appellants requested the court in writing to charge the jury as follows: "If the jury believe from the evidence that the $110 mortgage was given in settlement of the $130 mortgage, and that at the time he took the $110 mortgage, he had notice that Graves & Gross held a prior mortgage on this property, then plaintiff cannot recover."

The court refused this charge, and its refusal was reversible error. The charge asserted a correct proposition of law, which was strictly applicable to the issues and the evidence.

(3) The rule applicable was stated by this court as follows, in the case of *Daniels v. Jordan,* 146 Ala. 231, 40 South. 940: "The payment and satisfaction of the mortgage through which the defendant claimed title was an issue in the case; the plaintiff alleging that said mortgage had been paid off and satisfied and the defendant denying this. * * * As to whether a second mortgage, given in renewal of a prior mortgage, operates a payment and satisfaction of the older mortgage depends upon the intention of the parties, and is necessarily a question of fact, which fact, as any other fact, is one for the determination of the jury."

We cannot know that the failure to give this instruction did not injure the appellants.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.