### WHALEY v. HENDERSON.
### 4 Div. 692.

Supreme Court of Alabama.
May 11, 1933.

Rehearing Denied June 22, 1933.

A. Whaley, of Andalusia, for appellant.

Powell, Albritton & Albritton, of Andalusia, for appellee.

BROWN, Justice.

This appeal is prosecuted by J. A. Whaley from a decree overruling his demurrer to the bill, filed by T. E. Henderson, after the removal of the cause to the equity docket on his motion, against the First National Bank of Opp, the American Bank & Trust Company, B. F. Lanier, and the appellant Whaley.

The demurrer was upon the single ground that "there is no equity therein as against this respondent."

The bill alleges that on, to wit, April 11, 1932, the respondent, the First National Bank of Opp, brought a common-law action of assumpsit in the court in which the bill was subsequently filed, against Henderson, Whaley, and Lanier, on a promissory note for $12,-000 executed by the American Bank & Trust Company, on the 24th day of October, 1931, payable to plaintiff on January 1, 1932, with interest, alleging that complainant Henderson and the respondents Whaley and Lanier had indorsed said note at the time of its delivery; that the principal in said note had defaulted in the payment of said debt; that said note was indorsed by Henderson, Whaley, and Lanier with the understanding and agreement that they should be liable as joint indorsers or cosureties.

The bill alleges further that, at the time the note was executed, the American Bank & Trust Company pledged to the payee of said note as collateral security for the payment of the debt evidenced thereby certain securities consisting of notes, mortgages, and accounts, from which the pledgee by the exercise of businesslike care and prudence could realize sufficient money to satisfy said indebtedness; that said notes, mortgages, and accounts were due to the pledgor, the American Bank & Trust Company, from divers and sundry in-

dividuals, in divers and sundry amounts; that the pledgee has disposed of, collected, and liquidated certain of said securities, the proceeds of which should be applied in the reduction of the indebtedness, for the payment of which they were pledged; that the amounts collected or realized on and the amount remaining uncollected are not known to complainant, but are peculiarly within the knowledge of said pledgee, the First National Bank of Opp.

The bill further avers that, before the motion was filed by the complainant to remove the cause to the equity docket, Whaley and Lanier filed certain pleas in the suit on the law docket, showing that the American Bank & Trust Company had certain counterclaims, which, if invoked, would bar a recovery on said note, and also alleging in others that the indorsement of said note by Whaley and Lanier was made after its delivery and without any new consideration for such indorsement, the effect of which, if the case proceeded to judgment in the action at law, and said last-named pleas were sustained, would relieve said Whaley and Lanier from liability, and impose the whole burden of the indebtedness on the complainant.

The complainant offered to do equity, and prays specially for discovery and accounting as to the collateral pledged, the amounts collected or realized thereon, and for the application of the same in satisfaction or reduction of said indebtedness, the ascertainment of the balance, if any, due thereon, and that the respondents Whaley and Lanier be held liable jointly with complainant for such balance, and for general relief.

■ These averments were sufficient to give the bill equity. The general rule is that, in the absence of statute or the express consent of the principal, one standing in the relation of surety, when separately sued, cannot avail himself of a set-off or counterclaim existing in favor of his principal, not arising out of the contract on which the suit is predicated. 24 R. C. L. p. 862, § 66; Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271. Therefore the complainant, Henderson, could not in the action at law, under a plea of recoupment or set-off, show that the plaintiff in that action was indebted to the American Bank & Trust Company, the principal on the note, resulting from the disposition of the securities deposited with it as collateral security, unless the money realized thereon had been applied by the First National Bank of Opp as payments; yet Henderson had a perfect equity to have the creditor exhaust this fund in its hands and on which the creditor has a lien, in satisfaction or reduction of the indebtedness, for which the complainant is liable, and to compel foreclosure of its lien on collaterals not yet disposed of. Hudson Trust Co. v. El-

liott, 194 Ala. 441, 69 So. 631; West Huntsville Cotton M. Co. v. Alter, 164 Ala. 305, 51 So. 338; Thomas v. St. Paul's M. E. Church, 86 Ala. 138, 5 So. 508; Pacific Guano Co. v. Anglin, 82 Ala. 492, 1 So. 852; Bramlett v. Kyle et al., 168 Ala. 325, 52 So. 926; Searcy v. Shows et al., 204 Ala. 218, 85 So. 444. And, incident to this equity, is entitled to a discovery and accounting from the First National Bank. First National Bank of La Pine v. Bradley, 223 Ala. 22, 134 So. 621.

■ Nor could the complainant in the common-law action take issue with his coindorsers or cosureties, on their defenses which they set up in their pleas, yet, if they are in fact jointly liable with him as averred in the bill, it would be inequitable and unjust to allow them to escape liability and impose the whole burden of the indebtedness on the complainant. 50 C. J. p. 305, § 509, and authorities cited under note 7.

The demurrer was properly overruled, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.