155 So. 574

## WHALEY v. FIRST NAT. BANK OF OPP.

4 Div. 758.

Supreme Court of Alabama.

May 10, 1934.

Rehearing Denied June 28, 1934.

Whaley & Whaley, of Andalusia, for appellant.

---

154

Mulkey & Mulkey, of Geneva, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling a demurrer to a bill in equity.

The bill was filed by First National Bank of Opp, Ala., against appellant J. A. Whaley and Lawler Watson, respondents, to annul a mortgage upon lands, executed by Whaley to Watson, upon the ground that the mortgage was fraudulent and void as against complainant, an existing creditor of the grantor.

▆▆ The bill alleges such conveyance was purely voluntary, the recited consideration false and simulated. Under well-known rules, such conveyance was constructively fraudulent without regard to the solvency or insolvency of the grantor. The bill was not demurrable for failure to aver a want of assets still owned by the grantor sufficient to meet the demand.

▆▆ The bill avers respondent Whaley, together with T. W. Henderson and B. F. Lanier, became indebted as indorsers upon a note given to complainant by the American Bank & Trust Company of which the indorsers were officers or stockholders; that suit at law has been brought against such indorsers, which suit is still pending.

The pendency of this suit at law, intended to fix the liability of the indorsers and collect the same debt, presents no ground of objection to a bill against one of the indorsers to reach equitable assets. Ex parte Barclay-Hays Lumber. Co., 211 Ala. 500, 101 So. 179..

That the bill does not set out in detail the present status of the suit begun at law is not ground for demurrer. The bill need not mention such suit, but it was proper so to do, that in the progress of the cause such orders be had as become appropriate to avoid twice litigating matters common to both suits between parties to both suits.

▆ Nothing in this bill shows any occasion to make the other indorsers parties respondent.

▆▆ Appellant sought to incorporate in his demurrer certain matters set up in a separate plea in abatement, or former suit pending. This is a speaking demurrer. A demurrer is addressed to the bill on its face.

▆▆ It is further insisted that this court on this hearing should have recourse to our records in other causes presenting phases of this litigation, especially the decisions of this court in Whaley v. Henderson, 227 Ala. 158,. 148 So. 848, and Lanier v. Henderson, 227 Ala. 243, 149 So. 674.

The decision in Whaley v. Henderson, supra, discloses that the suit at law was removed to the court of equity on motion of respondent Henderson, where he filed his bill setting up certain equitable defenses as against the plaintiff at law, made his coindorsers parties respondent, and sought contribution. The cause was here on appeal from a decree on demurrer filed by respondent Whaley.

In Lanier v. Henderson, supra, it appears the creditor, First National Bank of Opp, filed another bill to reach assets alleged to have been fraudulently conveyed by Lanier, one of the indorsers. The cause was here on appeal from a decree on demurrer of respondent Henderson to a cross-bill filed by Lanier.

This court will not search other records of this court, and write their facts into a bill, when considering its sufficiency on demurrer. It could not be assumed the state of the is-

sucs in other causes was the same when the instant bill was filed as when former appeals were here.

Whether the matter of the instant bill should have been presented by cross-bill or original bill in the nature of a ·cross-bill in the original cause removed to the equity court is, therefore, not presented.

As suggested in Lanier v. Henderson, supra, presumably such orders of consolidation will, on proper motion, be made as will best expedite the hearings, and avoid needless litigation.

There was no error in the decree overruling demurrers to the bill.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.