165 So. 756

**DANIEL v. CUMMINGS et al.**

6 Div. 852.

Supreme Court of Alabama.

Feb. 13, 1936.

Hugh A. Locke, of Birmingham, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellees.

BOULDIN, Justice.

Appellant, Mrs. Elsie Daniel, filed her bill against Citizens Home Building & Loan Association and H. K. Cummings, to cancel a mortgage on her lands upon the ground that it was given to secure her husband's debt, save a very small sum, which she offered to pay. Further averments and prayer sought to cancel in so far as the mortgage was given to secure the husband's debt, or reduce the mortgage debt by that amount, and redeem. A further prayer sought redemption after foreclosure within the statutory period.

The trial court, hearing the case on oral testimony, held the mortgage valid as to the full indebtedness and decreed redemption on that basis.

The controlling facts, either undisputed, or supported by the weight of the evidence, documentary and parol, are about as follows:

Mrs. Daniel filed her written application for a loan of $1,000, secured by mortgage on her lands.

On checking and completing the abstract of title, and satisfying itself as to the security, the loan association made the loan, taking a note and mortgage signed by both Mrs. Daniel and her husband, T. E. Daniel.

The proceeds of the loan were first applied to payment of balance on an outstanding mortgage, and several charges in connection with the loan, reducing the fund to $887.78.

It appears the loan association is closely connected in business with Bessemer Trust & Savings Bank, of Bessemer, have adjoining offices, and the same acting president, the managing officer of the loan association.

Mr. Daniel had a checking account in this bank, with a small balance of $11.42. This sum was consolidated with the sum of $887.78, above, and the aggregate, $899.20, placed to a new account in the name of Mr. and Mrs. T. E. Daniel. Evidence for respondent was to the effect that a check of the loan association was indorsed by both husband and wife for deposit to such account, to be drawn on by check of either husband or wife. A passbook was issued then or later, showing a balance of $499.20 to such account. It is not controverted that both husband and wife did draw individual checks on this account, the larger portion drawn by the wife. Appellant very properly does not insist on relief as to any sum except $400, the difference between the first deposit and the amount on the passbook. There is no question as to what disposition was made of this $400. It was applied to the payment of a bill of $400 for a lot of shop fixtures sold by the bank to Mr. Daniel. A check, it appears, was given by him on this account.

These fixtures were to be used, and were used, in a meat shop opened up just after this transaction, in which the wife also worked.

The contention of complainant is that the husband had already incurred the debt for these fixtures when the loan was negotiated, and the application of the proceeds to its payment, in view of the relations between the bank and the loan association, should be held violative of the statute forbidding the wife to become directly or indirectly surety for the husband's debt. Code, § 8272.

Indulging the presumptions due to the finding of the trial judge, sitting as a jury hearing oral testimony, his decree must be sustained on the evidence to the effect that the sale of these fixtures was negotiated after the loan had been consummated; the one transaction having no connection at all with the other. In any event, the weight of the evidence is to the effect that the sale of the fixtures was a cash transaction, which, if in negotiation, was not consummated by passage of title or possession until paid for. In other words, there was never any debt of the husband to be secured or paid by the wife, but a transaction wherein she borrowed the money to buy fixtures to set the husband, and possibly herself, up in business. Such a transaction is not inhibited by the statute.

"Surety" for the debt of the husband implies a pre-existing debt, or a contemporaneous debt for which he becomes bound as principal and the wife, or her property, bound as security.

No case is made or claimed under the related statute requiring transactions between husband and wife to be viewed as other dealings between persons in confidential relations, a rule extending to third persons with notice, etc. We merely cite appropriate cases wherein these statutes have been construed. Bell v. Farmers' Nat. Bank of Opelika et al., 214 Ala. 211, 106 So. 851; Alabama Farm Bureau Credit Corporation v. Helms, 227 Ala. 636, 151 So. 589; Bell v. Henderson Nat. Bank, 225 Ala. 398, 143 So. 568; Lester v. Jacobs, 212 Ala. 614, 103 So. 682.

The decree of the court below was free from error.

To avoid any question as to the limitation of sixty days for redemption, the decree will be here modified to give sixty days from and after the decree of this court within which the complainant may redeem upon compliance with the decree of the court below, and the payment of the cost of appeal.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.