170 So. 212

## WATSON v. FIRST NAT. BANK OF OPP et al.

### 4 Div. 867.

Supreme Court of Alabama.

Oct. 15, 1936.

Theodore J. Lamar, Walter S. Smith, and Walter S. Smith, Jr., all of Birmingham, for appellant.

80

Mulkey & Mulkey, of Geneva, for appellees.

**ANDERSON, Chief Justice.**

This cause, in varying phases, has been heretofore considered by this court. Whaley v. First Nat. Bank of Opp, 229 Ala. 153, 155 So. 574; Lanier v. Henderson et al. 227 Ala. 243, 149 So. 674; Whaley v. Henderson, 227 Ala. 158, 148 So. 848.

While the appellant has argued many questions, and which will be treated in the order of presentation, the real question involved in this appeal is the bona fides of a certain mortgage given by J. A. Whaley and his wife to appellant, Lawler Watson, and which was held by the trial court to be fraudulent and void as to this appellee, a creditor of the said Whaley.

It is first urged that the complainants' bill was subject to the appellant's demurrer. It is sufficient to say that Whaley interposed in substance the same demurrers which were held to be without merit and we see no reason to recede from our former ruling. Whaley v. First Nat. Bank of Opp, 229 Ala. 153, 155 So. 574. The bill sufficiently designated the instruments involved as to put respondent on notice and was not bad for not setting them out as exhibits.

The appellant contends that the appellee bank was not a creditor of his grantor, Whaley, for the reason that he was but an indorser on a note which was not negotiable and, as suit was not brought upon said note as required, the said indorser, Whaley, was discharged. We think the note on its face is a negotiable instrument and is for a sum certain, $12,000. It is contended that it was not for a sum certain because the deposit slip to the credit of the maker of the note, the American Bank & Trust Company, provided that the fund so deposited was to be used exclusively in paying off the depositors of the last-named bank and, if not entirely exhausted, the residue was to be applied as a credit on the note. It may be questionable if this deposit slip should be considered in determining the negotiability of the note, which is negotiable upon its face. Sacred Heart Church Building Committee et al. v. Manson, 203 Ala. 256, 82 So. 498; First Nat. Bank of Dothan v. Elba Hardware & Furniture Co., 223 Ala. 493, 137 So. 173. Moreover, if the note be treated as nonnegotiable, the appellant has failed to show that Whaley, as indorser, was entitled to a discharge by a failure of the appellee bank to have brought suit on the note as required, as subdivision 7 of section 9228 of the Code of 1923 provides: "The holder of such indorsed or assigned contract is excused from bringing the suit, obtaining the judgment, and issuing the execution thereon * * * (7) When by any act or promise of the indorser, the plaintiff is induced to delay bringing such suit."

The undisputed evidence of Mizell, the president of the appellee bank, shows that the indorsers requested an extension and that no suit be brought and made an unconditional promise to arrange its payment. Brown et al. v. Fowler, 133 Ala. 310, 32 So. 584; Caulfield et al. v. Finnegan, 114 Ala. 39, 21 So. 484. Whether necessary or not for this waiver to appear in the pleading, it was set up in the answer of the ap-

pellee to the amendment of Henderson and the cross-bill of Whaley.

The bankruptcy of the respondent Whaley more than four months after the bill to set aside the conveyance and the service of the summons did not affect the appellees' lien, which, when the decree was rendered, related back to the service of the summons. Evans v. Welch, 63 Ala. 250; Hines v. Duncan, 79 Ala. 112, 116, 58 Am. Rep. 580; Heard v. Murray, Dibbrell & Co., 93 Ala. 127, 131, 9 So. 514; Barnes v. Bell, 231 Ala. 84, 163 So. 616, and cases there cited; Metcalf Bros. v. Barker, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122; Pickens v. Roy, 187 U.S. 177, 23 S.Ct. 78, 47 L. Ed. 128.

We do not think that the record discloses that the trustee in bankruptcy was a necessary party, as it affirmatively appears that the appellee had a superior lien which was in effect adjudged by the bankrupt court and as to which said trustee seems satisfied. Moreover, the decree of the circuit court did nothing more, as to Whaley, than to impress the lien upon the property fraudulently conveyed, rendering no personal judgment against him.

It is unnecessary to enter into a detailed discussion of the evidence as to the bona fides of the mortgage given by Whaley to the appellant, Watson. It is sufficient to say that we fully concur in the holding of the trial court that the appellant has not met the burden of showing a bona fide consideration for said mortgage and that the same was fraudulent and void as to the appellee.

The decree of the circuit court is affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.