10 So.2d 864

FORLINES v. PAULK et al.

4 Div. 249.

Supreme Court of Alabama.

Dec. 17, 1942.

Carmichael, Crenshaw & Simmons, of Opp, for appellees.

THOMAS, Justice.

The appeal is from a decree denying relief to the complainant.

A pertinent part of that decree was, "Complainant admits that she signed the mortgage and note at her home, no one else being present except the Justice of the Peace who took her acknowledgment; that the Justice told her it was a mortgage on her store; that prior to that her husband had talked to her about mortgaging the store so he could get credit, and that she and her husband had a tentative agreement to deed the property to Paulk and move to Opp, but this fell through. The proof without dispute shows that Paulk (mortgagee) was not present when the mortgage was executed, his attorney going to Kinston to get the papers executed, and bringing them back to him. No contention is made that Paulk had any information as to complainant not being fully informed as to what she was doing. There is no proof whatever as to fraud on the part of the husband or of Paulk, and no duress, nor is the bill framed on such theories, the sole contention being that the mortgage is void as securing her husband's debt."

The court further found: "There is no contention but what complainant was authorized by law to mortgage her property if credit was given to her, if the debt was hers and not her husband's alone. If she had not executed the mortgage Paulk would not have extended any further credit. In my opinion, the case of Marbury Lumber Company v. Woolfolk, 186 Ala. 254–257, 65 So. 43, is directly in point in this case."

J. C. Fleming, of Elba, for appellant.

The decree, under the cross-bill, was for a reference to ascertain the balance due on the mortgage debt with legal interest to date of the filing of the register's report. Interest will be computed at the lawful interest provided by our statutes which obtain. Code 1940, T. 9, §§ 60, 61. Acts 1927, p. 440, Acts 1935, p. 69.

The mortgage in question of date of May 6, 1931, contained, among other things, the following recitals: "It is agreed by mortgagor that H. B.· Paulk is to grant mortgagor a line of credit *not to exceed five hundred dollars,* and that this mortgage and note is to secure said amount or any part thereof, and that goods, wares and merchandise are to be advanced from time to time to mortgagor, and that *should the account exceed $500 then this mortgage is to secure any excess.* Mortgagor appoints D. E. Forlines her attorney in fact to make all purchases and she confirms and ratifies all his acts in the premises, including all purchases made above said line of credit.

"Now, in order to secure the prompt payment of said note when due, *together with any additional amounts* furnished me by the mortgagee on any account and at any time before the debt herein is fully paid, in money or otherwise, I, S. Forelines and husband D. E. Farlines do hereby grant, sell and convey to the said H. B. Paulk all my household and kitchen furniture, all crops of every description raised or caused to be raised by me or under my direction during the years 1931, 1932, and 1933, in Coffee County, Alabama, * * *.

"The north half of lot no. 2, in Kinston, Alabama. * * *." [Italics supplied.]

The mortgage contained the further provisions: " * * * Also one collateral note for $200 executed by Sester Proctor and J. H. Proctor to D. E. Forlines which said collateral note has been transferred to me. This instrument is a first mortgage on said property. It is understood that mortgagee may cancel or withdraw said line of credit at any time, without any liability for such acts, said property being situated in Coffee County, Alabama. * * *

" * * * this conveyance is a mortgage, and if said note and other indebtedness secured by it be paid when due, then this mortgage shall become null and void.

"But if the said indebtedness, or any installment thereof is not paid at maturity, then the entire debt secured hereby shall become due and payable; and in such case, the mortgagee or assignee is authorized to seize the personal property herein conveyed and to sell the same either at public or private sale, and with or without notice, as may be determined upon; and the said mortgagee or assignee is authorized in such case to sell at public auction sale the real estate conveyed herein after posting notice thereof in three public places in the city or town of Elba, Alabama, for a period of fifteen days, * * *.

"At any sale made under this mortgage, the mortgagee may become the purchaser thereof. * * *

"The property in this mortgage and the mortgage itself, shall stand as security for any valid obligation of mine which the mortgagee may acquire by purchase or otherwise from any person owning the same; and likewise, this property ·conveyed and the mortgage itself, shall stand as security for any valid debt due by me to any person to whom this mortgage may be assigned. * * *."

The due date of the mortgage is not specifically stated other than that it was to be effective for the years 1931 to 1933, inclusive.

The question for decision is whether or not there should be annulment of the mortgage of complainant on the theory the debt sought to be secured was that of the husband and the wife was thereby to become surety for his debts in violation of the Code 1940, T. 34, § 74, Code 1923, § 8272.

Upon consideration of the cause for final decree upon pleading and proof on testimony given ore tenus the trial court denied the relief prayed and ordered a reference on the cross-bill to ascertain the amount due on the mortgage debt. From the decree rendered, the mortgagor has pursued this appeal.

■ It is settled in this jurisdiction that surety for the debt of the husband implies a pre-existing debt for which the husband is bound as principal and the wife or her property becomes bound as security, or there was a cotemporaneous debt of the husband as principal for which the wife pledged her property as security. Daniel v. Cummings, 231 Ala. 509, 165 So. 756.

■ Where upon its face a mortgage indicates a joint liability of the husband and wife, under the authorities, the burden of proof rests upon complainant. McDaniel v.

Mellen, 223 Ala. 181, 134 So. 873. Here the recitals are of the debt of the wife to mortgagee and the mortgagor appointed the husband as her attorney in fact to make all the purchases of merchandise and confirmed and ratified all of his acts in that behalf and included "all purchases made above said line of credit" of $500.

From the whole evidence, we are convinced that the mortgagee acted in good faith in the transaction, and that the intention of the parties at the time of the loan was a controlling factor which was to furnish credit to the husband for goods and merchandise he should buy and on a cash basis to be used in his business. Van Derslice v. Merchants' Bank, 213 Ala. 237, 104 So. 663.

The facts of the instant case are within the rule of Bell v. Farmers' Nat. Bank, 214 Ala. 211, 106 So. 851, and Citizens Bank of Moulton v. Burks, 242 Ala. 465, 6 So.2d 597, 599. It has long been established in this jurisdiction that no two cases are exactly alike and hence other decisions in different facts and circumstances are of little assistance in reaching a correct conclusion in new cases as they arise. "The question at last is whether, notwithstanding the form of the transaction, the wife was attempting to secure a debt entirely her husband's, upon which she was not bound either separately or jointly." Such are the observations made in Citizens Bank of Moulton v. Burks, supra, after the collection of many like cases from this jurisdiction, including Delony v. O'Reilly, 235 Ala. 386, 179 So. 207; Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463.

It is established in this jurisdiction that where the mortgage carries several classes of property as security or that specially set apart or that occupied as a homestead, that there is an election in behalf of the creditor to foreclose and collect his debt from one class of property mortgaged rather than another. Bramlett v. Kyle et al., 168 Ala. 325, 52 So. 926; Bank of Luverne v. Turk et al., 222 Ala. 549, 133 So. 52; Booker v. Booker, 225 Ala. 626, 144 So. 870; Whaley v. Henderson, 227 Ala. 158, 148 So. 848; Howell v. Ward et al., 230 Ala. 379, 161 So. 487. This principle is expressed in the Code of 1940, T. 47, § 169 and authorities cited.

It is further established that whether a second note or mortgage is given in renewal of a prior note or mortgage and operates as a payment in satisfaction of such prior note or mortgage, a question of fact is presented, depending upon the intention of the parties. Daniel Bros. v. H. R. Jordan & Son, 146 Ala. 229, 40 So. 940; Graves & Gross v. Leach, 192 Ala. 164, 68 So. 297.

The trial judge was not satisfied from the condition of the record of the true balance due on the mortgage, and ordered the reference to establish this fact. The trial judge made observation that the ledger sheets in evidence, in view of the oral testimony, are not entirely clear "as to the exact balance due." The mortgage states the amount of the credit, as indicated above, and stipulated that it "embraced any other or futher credit that may be extended in that behalf."

The register will ascertain whether or not the several notes are for past indebtedness or renewal notes for an additional credit, or embraced in a sum or sums past due and unpaid as evidenced by the second notes on which submission was had.

The register will not include any sums as within the credit given by the mortgage that complainant or her husband are due the former mercantile establishments that mortgagee had represented and for whom he had extended credit to complainant's husband before he entered into the mercantile business in his own behalf.

The register will further ascertain whether or not any of the personal properties or collateral recited in the mortgage as security was taken into possession by respondent Paulk, and if so, charge him with its reasonable market value at such time of possession.

We are persuaded that complainant has failed to sustain the burden of proof that the law exacts of her in such a case, and that the decree of the trial court correctly denied relief for cancellation of the mortgage and properly dismissed complainant's bill on her insistence of the fact of suretyship for the husband.

The judgment of the circuit court is affirmed.

Affirmed with directions.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.