119 So.2d 208

Albert C. **HARGETT** et al.

v.

Nethel Russell **HAMILTON.**

**8 Div. 24.**

Supreme Court of Alabama.

March 24, 1960.

**426**

· H. Neil Taylor, Russellville, for appellants.

Guin, Guin & Cleere, Russellville, for appellee.

LAWSON, Justice.

Nethel Russell Hamilton filed her bill in the Circuit Court of Franklin County, in Equity, against Albert C. Hargett, Grace B. Hargett, and The Federal Land Bank of New Orleans, a corporation.

■ A demurrer and a plea in abatement were filed on behalf of the "respondents," but each of those pleadings was amended so as to eliminate the respondent The Federal Land Bank of New Orleans, a corporation.

The trial court decreed the plea in abatement to be insufficient and overruled the demurrer.

Albert C. and Grace B. Hargett have appealed to this court.

Appellee's suggestion that the appeal should be dismissed for failure to comply with § 804, Title 7, Code 1940, by bringing in all of the parties requires no extended discussion.

· The appeal was taken in the name and on behalf of the respondents who alone have reason to complain of the decree and hence there was and is no occasion to bring in the respondent The Federal Land Bank. Notice of appeal was served on attorneys for complainant below. Johnson v. Green, 259 Ala. 511, 66 So.2d 768; Mancill **v.** Thomas, 216 Ala. 623, 114 So. 223.

■ The complainant, Nethel Russell Hamilton, was formerly the wife of the respondent Albert C. Hargett. They were divorced by a decree of the Law and Equity Court of Franklin County on April 16, 1945.

Both parties have remarried. The respondent Grace B. Hargett is now the wife of Albert C. Hargett.

The divorce decree provided, in effect, that Albert C. Hargett pay the sum of $25 monthly to the complainant for the support of their minor child, whose custody was awarded complainant.

The bill presently under consideration was filed in the Circuit Court of Franklin County, in Equity, in November, 1959. The minor child referred to in the divorce decree was then seventeen years of age.

It is alleged in the bill that the respondent was behind in payments for support of the minor child in the amount of $3,975.

The bill alleges:

"Under and by virtue of the terms and provisions of an act of the recently adjourned 1959 regular session of the Legislature of Alabama (House Bill No. 1002, Oden) [Act No. 620, approved November 19, 1959], now approved by the Governor of Alabama and in all respects now fully effective, the Law and Equity Court of Franklin County, Alabama, has been abolished and the civil jurisdiction thereof has been merged with and into the civil jurisdiction of the Circuit Court of Franklin County, Alabama, and this honorable court has been vested with the power and jurisdiction to control and to issue process on judgments theretofore rendered in said abolished Law and Equity Court of Franklin County, Alabama."

The bill prays in part that the court "ascertain the amount due and owing by the respondent Albert C. Hargett to this complainant under the decree [divorce decree] made Exhibit A to this bill," etc.; and that the respondent Albert C. Hargett be held in contempt of court for failure to make the support payments.

The averments tending to show the connection of The Federal Land Bank of New Orleans need not be summarized, since it is not concerned with this appeal.

There is another aspect of the bill to which reference must be made.

It is alleged that on or about June 15, 1959, the respondent Albert C. Hargett conveyed certain land to his present wife, Grace B. Hargett, "for the purpose of hindering, delaying or defrauding his creditors, and in particular for the purpose of hindering, delaying and defrauding this complainant in her efforts to require said Albert C. Hargett to pay the support money," etc.

The only grounds of the demurrer which are argued here, and hence the only ones we can consider, all take the point that the act which purports to abolish the Law and Equity Court of Franklin County is unconstitutional.

The grounds of the demurrer were addressed to the bill as a whole.

The bill obviously was not subject to any of the argued grounds of demurrer in so far as it sought to set aside the conveyance from Albert C. Hargett to Grace B. Hargett and, therefore, the demurrer was overruled without error. The jurisdiction of the circuit court, in equity, to set aside the alleged fraudulent conveyance was not in any way dependent on the act which purports to abolish the Law and Equity Court of Franklin County. § 897, Title 7, Code 1940; § 7, Title 20, Code 1940.

A demurrer is addressed to the bill on its face and in considering the sufficiency of the bill as against the argued grounds of the demurrer we cannot consider the matters set up in the respondents' plea in abatement. Whaley v. First National Bank of Opp, 229 Ala. 153, 155 So. 574.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.